

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

SEALED

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

April 27, 2006

**FILED**

**APR 2 7 2006**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Michael G. Scheininger, Esq.
McKenna, Long & Aldrich LLP
1900 K Street, NW
Washington, D.C.  20006

      Re:   <u>ABL Aero, Inc.</u>

CR 04 - 531 - 01 - JGP

Dear Mr. Scheininger:

      This letter sets forth the plea agreement that this Office is willing to enter into with your client, ABL Aero, Inc.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me.  Upon our receipt of the executed document, this letter will become the plea agreement.  The terms of the agreement are as follows:

      1.    **Charges**

      Your client agrees to enter a guilty plea to a one-count information that the government intends to file in <u>United States v. ABL Aero, Inc., et al.</u>, Criminal No. 04-531 (JGP).  The single-count indictment charges your client under 22 U.S.C. § 2778(c) with conspiring to violate the Arms Export Control Act ("AECA") and the International Traffic in Arms Regulations ("ITAR"), 22 C.F. R. Parts 120-130.

      2.    **Potential Penalties, Assessments, and Restitution**

      Your client, as a corporate violator, understands that, pursuant to 22 U.S.C. § 2278(c), the maximum penalty could be $1,000,000 or twice the gross gain under 18 U.S.C. § 3571.  Your client is also subject to a term of corporate probation of 5 years.  In addition, your client agrees to pay a special assessment of $400 to the Clerk of the United States District Court prior to the date of sentencing.

      3.    **Additional Charges**

      If your client fulfills all of its obligations under this plea agreement, at the time of sentencing in this matter, the United States will move to dismiss the charges in the indictment

currently pending against the company. With respect to any such charge to be dismissed at the time of your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charge is based in fact and the dismissal of such charge is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997).

### 4.   **Waiver of Constitutional and Statutory Rights**

Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights that to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

### 5.   **Sentencing Guidelines**

The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines. That is because, although the offense conduct to which your client is pleading guilty is covered by § 2M5.2(a), that Guideline is not listed under § 8C2.1, which governs fines for organizations. Accordingly, pursuant to § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

### 6.   **Plea Pursuant to Rule 11(c)**

Your client and the government agree that a criminal fine of $500,000 and corporate probation of five years are the appropriate sentence for the offense to which your client is pleading guilty. The parties agree that $500,000 is the appropriate fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate  deterrence to criminal conduct; and to protect the public from further crimes and in recognition of the civil fine that will be paid. 18 U.S.C. § 3553(a)(1). The fine will be payable in the following installments: $225,000 on the day of sentencing and $55,000 per year, payable on February 1 of each such year, for a period of five years. If your client makes full payment of the fine anytime after the first year of probation, probation shall terminate.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will impose sentence and enter a judgment and conviction as provided for in this plea agreement. The parties understand, however, that the Court may not agree that the above agreed upon sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

### 7.    **Agreement Not to Prosecute**

Other than the offense to which your client agrees to plead guilty pursuant to this agreement, the United States agrees not to charge your client with any other criminal offenses committed before execution of this agreement within the District of Columbia relating to the unlawful export of controlled commodities from the United States. This paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-3202, or any offenses which your client failed to disclose to us before entering into this agreement. Your client also understands that this plea agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any civil or administrative remedies available to any agency or department of the United States or any state or local government.

### 8.    **Reservation of Allocution**

The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

### 9.    **Breach of Agreement**

Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements

-3-

made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Rule 11(f), Fed. R. Crim. P., and Rule 410, Fed. R. Evid., rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn, except if your client withdraws its plea pursuant to Rule 11(c)(5).

Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **Prosecution by Other Agencies/Jurisdictions**

This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Department of Commerce, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the United States Department of State; or any state or local

-4-

prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. **No Other Agreements**

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

JAY I. BRATT
Assistant United States Attorney

## Defendant's Acceptance

I am the president and owner of ABL Aero, Inc., and have authority to enter into a guilty plea on its behalf. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

4/27/06
Date

Alicia Hed-Ram
President and Owner of ABL Aero, Inc.

## Attorney's Acknowledgement

I am the attorney for ABL Aero, Inc.. I have reviewed every part of this plea agreement with Alicia Hed-Ram, the president and owner of ABL Aero, Inc. The plea agreement accurately and completely sets forth the entire agreement between ABL Aero, Inc., and the Office of the United States Attorney for the District of Columbia.

4/27/06
Date

Michael G. Scheininger
Attorney for ABL Aero, Inc.

-6-